# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEONARD D. VIGNOLO,

    *Petitioner*,

vs.

JO GENTRY, *et al.*,

    *Respondents*.

Case No. 2:17-cv-02976-APG-PAL

**ORDER**

This habeas matter under 28 U.S.C. § 2254 is pending before the Court on, *inter alia*, petitioner's motions (ECF Nos. 8 and 11) for an extension of time and motions (ECF Nos. 3, 7 and 12) for appointment of counsel.

At the outset, the Court notes that petitioner has been moved back to Southern Desert Correctional Center from Arizona and no longer is in the situation with regard to resources, etc. referenced in the prior order. See ECF No. 9. The Court accordingly will vacate the portions of the prior order requiring a response from respondents, such that no response to petitioner's filings herein will be required from counsel absent another order.

Turning to petitioner's multiple motions for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986).

The Court does not find that the interests of justice require that counsel be appointed for petitioner. As noted in the screening order (ECF No. 5), petitioner is challenging a conviction entered over 26 years ago for a murder committed over 36 years ago, after having had a prior federal petition

in this Court denied on the merits over a decade ago. The Court does not have jurisdiction over the petition because, on its face, it is a successive petition. While the Court has issued a show-cause order prior to a dismissal in this action, there is no inexorable requirement that the Court show-cause the petitioner prior to a dismissal of a successive petition. *Cf. Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012)(holding that the district court improperly dismissed a petition for untimeliness without first issuing a show-cause order, but making no such holding with regard to the successive-petition issue).

Petitioner has demonstrated an adequate ability to present his position with the resources available to him. The show-cause order outlines the relevant procedural history and the applicable law. Petitioner does not need either counsel or extensive law library time to respond to the show-cause order.

To the extent that petitioner relies upon alleged actual innocence to overcome the successive-petition bar, he must present any such argument to the Court of Appeals – in the first instance – in an application for authorization to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(2)(B) & 3(A). Attempting to present an actual-innocence argument at this point in this Court will not lead to a different result, as petitioner *first* must obtain authorization from the Court of Appeals, not this Court, to pursue a successive petition.[1]

The motions for appointment of counsel therefore will be denied. As the Court stated in its first order in the case, "petitioner must respond to [the show-cause] order in proper person, without appointed counsel." (ECF No. 5, at 3.) Filing multiple motions for appointment of counsel thereafter will not lead to a different result. The Court will not appoint counsel for petitioner to respond to the show-cause order. That is the Court's final word on the subject.

The Court will grant petitioner a sixty-day extension to respond to the show-cause order. That is the only extension that will be ordered. If petitioner does not timely respond and/or instead seeks further extensions based on substantially the same current circumstances and/or files more motions for appointment of counsel, the action will be dismissed without further advance notice.

---

[1]This Court further extensively addressed petitioner's arguments challenging the sufficiency of the evidence on his prior federal petition. *See Vignolo v. Del Papa*, No. 3:00-cv-00430-ECF-RAM, ECF No. 59, at 1-10 & 14-17 (D. Nev., Sept. 4, 2003). The Ninth Circuit affirmed on the merits on that issue. *See id.*, ECF No. 75, at 1-2 (9th Cir., Dec. 13, 2004). To the extent that petitioner seeks in his papers to rehash this already well-traveled ground as a purportedly "new" claim of actual innocence, appointment of counsel clearly is not warranted.

**IT THEREFORE IS ORDERED** that the portion of the prior order directing a response from respondents (ECF No. 9, at 2, subparagraphs (b) and (c) in lines 2-5), is **VACATED**, such that no response is required from respondents until further order of this Court or a reviewing court.

**IT FURTHER IS ORDERED** that petitioner's motions (ECF Nos. 3, 7 and 12) for appointment of counsel are **DENIED**.

**IT FURTHER IS ORDERED** that petitioner's motions (ECF Nos. 8 and 11) for an extension of time are **GRANTED** to the extent consistent with this order, such that petitioner shall have **sixty (60) days** from entry of this order within which to dispatch a response to the prior show-cause order (ECF No. 5). This action will be dismissed without further advance notice if petitioner does not timely respond or responds and fails to show cause why the petition should not be dismissed as a successive petition.

The Clerk also shall **SEND** petitioner another additional copy of: (a) the show-cause order herein (ECF No. 5); and (b) ECF Nos. 18, 59, and 75 from No. 3:00-cv-00430-ECR-RAM. Tthe Clerk further shall reflect the transmittal in a publicly accessible manner consistent with the Clerk's current practice for such matters.

Dated: January 23, 2018.

_____
ANDREW P. GORDON
United States District Judge