# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEONARD D. VIGNOLO,

        *Petitioner*,

vs.

JO GENTRY, *et al.*,

        *Respondents*.

Case No. 2:17-cv-02976-APG-PAL

**ORDER**

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as to whether the petition is subject to dismissal without prejudice for lack of jurisdiction as a successive petition. This order follows upon a prior show-cause order and petitioner's response thereto. (ECF Nos. 5 & 15.)

### *Background*

    The relevant procedural background has not been disputed by petitioner.

    Petitioner Leonard Vignolo seeks to challenge his February 12, 1991, Nevada state conviction, pursuant to a jury verdict, of the first-degree murder of Rachael Karr on September 21, 1981. He was sentenced to life without the possibility of parole, in No. 89C091740 in the state district court.[1]

    Petitioner filed a federal petition in this Court challenging the same conviction in No. 3:00-cv-00430-ECR-RAM. The Court denied the petition on the merits on September 5, 2003. The Court of Appeals affirmed on November 17, 2004. *See Vignolo v. Ignacio*, 2004 WL 2603620, No. 04-15242 (9th Cir., Nov. 17, 2004). The United States Supreme Court denied Vignolo's petition for a writ of *certiorari* on April 25, 2005. *See Vignolo v. Budge*, 544 U.S. 1002 (2005).

---

[1] The Court has takens judicial notice of its own prior records as to petitioner's earlier actions as well as of the online docket records of the Ninth Circuit, the state district court and the state supreme court. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state courts may be accessed from:
    https://www.clarkcountycourts.us/Anonymous/default.aspx
    https://nvcourts.gov/Supreme/

There have been no intervening amended or corrected judgments of conviction in the state district court subsequent to the February 12, 1991, original judgment of conviction.

Petitioner acknowledges in both the petition and the show-cause response that he has not obtained authorization from the Court of Appeals to pursue a second or successive petition.

***Discussion***

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S. 147, 149 & 152-53 (2007).

In the present petition, petitioner seeks to challenge his custody under the same judgment of conviction that he previously challenged in No. 3:00-cv-00430. The present petition constitutes a second or successive petition because that prior petition was denied on the merits. *E.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

The petition therefore must be dismissed without prejudice for lack of jurisdiction as a successive petition.

Petitioner's arguments in the show-cause response all beg the question. Petitioner's arguments on the merits of his claims in particular beg the question. This Court does not have jurisdiction to consider the merits of his claims because petitioner did not obtain authorization from the Court of Appeals to file a successive petition. To the extent that petitioner urges that his conviction constituted a fundamental miscarriage of justice, he must make an appropriate argument in that regard in the first instance to the Court of Appeals, at least to the extent that his arguments pertain to the showing required under 28 U.S.C. § 2244(b)(2). Petitioner's arguments alleging a fundamental miscarriage of justice do not provide a viable basis for this Court to exercise jurisdiction over the petition in the absence of prior authorization from the Court of Appeals.[2]

---

[2] With regard to petitioner's claim of actual innocence, this Court extensively addressed petitioner's arguments challenging the sufficiency of the evidence on his prior federal petition, including his argument that he could not be found guilty because the victim's body was not found. *See Vignolo v. Del Papa*, No. 3:00-cv-00430-ECR-RAM, ECF No. 59, at 1-10 & 14-17 (D. Nev., Sept. 4, 2003). The Ninth Circuit affirmed on the merits on that issue. *See Vignolo*,
(continued...)

1 Petitioner requests that the Court either assume jurisdiction and decide the case on the merits, grant him a stay to permit him the opportunity to file a successive petition application in the Court of Appeals, or dismiss the petition in a manner that permits him the opportunity to file a successive petition application in that court.

The Court has no jurisdiction to decide the case on the merits. Petitioner otherwise does not need for this Court to take some action permitting him to file a successive petition application in the Court of Appeals. Petitioner needs to obtain permission from the *Court of Appeals* to file an application for relief in *this* Court, not vice versa. Petitioner could have filed an application with the Court of Appeals at any time, without the necessity of any order from this Court. The dismissal of this action for lack of jurisdiction is without prejudice, and nothing stands – or has stood – in the way of petitioner filing a successive petition application in the Court of Appeals.

**IT THEREFORE IS ORDERED** that the petition shall be **DISMISSED** without prejudice for lack of jurisdiction as a successive petition.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. Jurists of reason would not find it debatable whether the Court's procedural ruling dismissing the petition as a successive petition is correct, for the reasons discussed herein.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice for lack of jurisdiction.[3]

DATED: June 20, 2018.

_____
ANDREW P. GORDON
United States District Judge

---

[2](...continued)
2004 WL 2603620, at **1. It thus is subject to substantial question whether petitioner would be able to satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B) with regard to a showing of actual innocence. In all events, petitioner must present his arguments in that regard to the Court of Appeals in the first instance, not this Court.

[3]Entry of judgment will conclude this action under this docket number. If petitioner subsequently obtains authorization from the Court of Appeals to file a second or successive petition, he must file such petition in a new action under a new docket number. This action is closed. It does not appear that a dismissal of this action without prejudice would materially impact the limitation period analysis in a newly filed action, given the long intervals involved.